## TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………......ii

I.     INTRODUCTION…………………………………………………………...1

II.    RELEVANT PROCEDURAL HISTORY…….………………….…………2

III.   ARGUMENT………………………………………………………………..6

       A.     The Government Failed to Identify Non-retained Experts…………...6

       B.     The Government Failed to Provide Written Disclosures…………….7

       C.     The Government's Failure to Identify Non-retained Experts and/or
              To Provide Disclosures of Non-retained Experts is Neither
              Substantially Justified nor Harmless…………………………………8

i

# TABLE OF AUTHORITIES

*CASES*

*David v. Caterpillar, Inc.*
324 F.3d 851 (7th Cir. 2003) ............................................................................. 8

*Durham v. County of Maui*
729 F.Supp.2d 1188 (D. Hawaii 2010) ............................................................. 7

*Goodman v. Staples The Office Superstore*, LLC
644 F.3d 817 (9th Cir. 2011) ......................................................................... 6, 7

*Lanard Toys Ltd. v. Novelty, Inc.*
375 Fed. Appx. 705 (9th Cir. 2010) .................................................................. 8

*Linder v. Meadow Gold Dairies, Inc.*
249 F.R.D. 625 (D. Hawaii 2008) ..................................................................... 8

*Motoyama v. Hawaii*
No. 10-00464, 2012 WL 93150 at *2 (D. Hawaii Jan. 20, 2012) ...................... 6

*Musser v. Gentiva Health Servs.*
356 F.3d 751 (7th Cir. 2044) ............................................................................. 6

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*
259 F.3d 1101 (9th Cir. 2001) .......................................................................... 8

*RULES*

Federal Rule of Civil Procedure 26 ..................................................... passim

Federal Rule of Civil Procedure 37 ............................................................ 8

Federal Rule of Evidence 702 ................................................................ 6, 7

Federal Rule of Evidence 703 ................................................................ 6, 7

Federal Rule of Evidence 705 ................................................................ 6, 7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| **CHRISTINA METTIAS,** Individually and as Next Friend of Her Minor Son **N.M.**, <br><br> Plaintiffs, <br><br> vs. <br><br> **UNITED STATES OF AMERICA**, <br><br> Defendant. | CIVIL NO. 12-00527 ACK-KSC (Federal tort Claims Act) <br><br> **MEMORANDUM IN SUPPORT OF MOTION** |

## MEMORANDUM IN SUPPORT OF MOTION

**I.   INTRODUCTION**

Federal Rule of Civil Procedure 26 requires identification of experts and written disclosures concerning their opinions in three instances:

- Expert witnesses who are retained or specially employed to provide expert testimony under Fed.R.Civ.P. 26(a)(2)(B);

- Expert witnesses who are not retained or specifically employed under Fed.R.Civ.P. 26(a)(2)(C);

- Expert witnesses who present evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)" under Fed.R.Civ.P. 26(a)(2)(D).

This motion addresses the second group of expert witnesses – namely, the treating physicians and health care providers from Tripler Army Medical Center ("TAMC") who were neither retained nor designated as expert witnesses. Plaintiffs respectfully seek an order precluding any of the TAMC treating physicians or health care providers from offering opinions regarding the applicable standard of care, including opinions regarding the patient eligibility standard of care for bariatric surgery. This motion is based principally on the fact that the Government has only identified one witness to provide expert opinions regarding the applicable standard of care, Dr. Daniel Jones.[1] None of the treating physicians or other health care providers for Plaintiff Christina Mettias have been listed as expert witnesses, and no disclosures have been made stating that any of these treating physicians or other health care providers will offer opinion testimony regarding the applicable standard of care.

## II.   RELEVANT PROCEDURAL HISTORY

Plaintiffs filed their Complaint in the United States District Court for the District of Hawai`i on September 24, 2012. Plaintiffs filed their mandatory initial

---

[1] The Government belatedly identified a second retained expert, Dr. Paresh Shah, although without any of the disclosures required under Rule 26, F.R.Civ.P. It is thus unknown whether the Government intends to have Dr. Shah offer expert opinions regarding the applicable standard of care. In any event, Plaintiffs are moving *in limine* to exclude Dr. Shah entirely.

2

disclosures under Rule 26, Fed.R.Civ.P., on December 12, 2012.  The Government did not file mandatory initial disclosures under Rule 26.

At the January 3, 2013 Scheduling Conference, trial was set for March 4, 2014. The Rule 16 Scheduling Order, filed January 4, 2013, included a provision setting deadlines for expert disclosures under Fed. R. Civ. P. 26, with Plaintiff's expert disclosures due on or before September 3, 2013, and Defendant's expert disclosures due not later than October 2, 2013.

On April 9, 2013, the Government provided The United States of America's Response to Plaintiffs' First Request for Answers to Interrogatories to Defendant United States. In response to Plaintiffs request that the Government disclose the identity and substance of testimony for each expert to be called to testify at trial, the Government simply filed an objection noting that "the United States will produce expert-related information as provided by the Court's Scheduling Order and Fed. R. Civ. P. 26." This interrogatory response was never supplemented.

On October 24, 2013, trial was continued from March 4, 2014, to May 13, 2014, precipitated in large part by the federal government shutdown.  An Amended Rule 16 Scheduling Order was filed on October 25, 2013, which reset the deadlines for expert disclosures to December 6, 2013 for Plaintiff and January 3, 2014 for Defendant.

3

On November 21, 2013, a Second Stipulated Order Regarding Expert Witness Disclosure Deadline was filed, which extended the deadline for Plaintiffs' expert disclosures from December 6, 2013, to January 24, 2014, and the deadline for Defendant's expert disclosures from January 3, 2014, to February 21, 2014.

On January 29, 2014, Judge Kevin S. C. Chang conducted a status conference to address scheduling issues. The trial date was continued to October 7, 2014, and the deadline for filing dispositive motions, which already had passed, was reset to May 7, 2014. Plaintiffs' expert disclosure deadline was extended to April 7, 2014, and the Government's expert disclosure deadline was extended to May 7, 2014. The discovery deadline was reset to August 8, 2014.

On March 28, 2014, a Fourth Stipulated Order Regarding Expert Witness Disclosure Deadline was filed, which extended the deadline for Plaintiffs' expert disclosures from April 7, 2014, to May 6, 2014, and the deadline for Defendant's expert disclosures from May 7, 2014, to June 6, 2014. An Amended Rule 16 Scheduling Order was filed on May 8, 2014, which included these new deadlines for expert disclosures.

Plaintiffs timely filed their expert disclosures on May 6, 2014. The Government timely filed its expert disclosures on June 6, 2014. The Government's sole expert as to liability was Dr. Daniel Jones. Exhibit A: Defendant United States of America's Expert Witness Designation. The Government filed a

4

"Supplemental Expert Witness Designation" fives days late, on June 11, 2014, naming an expert in economics. Exhibit B: Defendant United States of America's Supplemental Expert Witness Designation. Then on June 23, 2014, 17 days late, the Government filed a "Second Supplement to Expert Witness Disclosure," which simply provided an "addendum" to Dr. Jones' initial Rule 26 written expert report. Exhibit C: Defendant United States of America's Second Supplemental Expert Witness Designation. The sole liability expert disclosed in these three expert disclosures under Rule 26 (two of which were late) was Dr. Jones.

On October 30, 2014, the Court issued an Order continuing the trial until February 24, 2015. The Discovery Deadline was set for December 23, 2014. Exhibit D: October 30, 2014 Minute Order.

The Government filed its Final Pretrial Statement on January 7, 2015. Only two expert witnesses were named in the Government's Final Pretrial Statement, Dr. Jones and a life care planning expert, John Fountaine. None of the lay witnesses listed in the Government's Final Pretrial Statement were designated to provide opinions regarding the applicable standard of care. The Government then filed a Supplemental Final Pretrial Statement one day late, on January 8, 2015, purporting to add Dr. Paresh Shah as an expert witness. The Government's extremely limited disclosure of the scope of Dr. Shah's testimony included in this late filing states that Dr. Shah will offer expert opinions regarding the applicable

5

standard of care. Plaintiffs have filed a separate motion *in limine* seeking to exclude Dr. Shah as an expert witness for a number of reasons. *See* footnote #1, above. The instant motion *in limine* focuses on witnesses who have never been designated to provide expert testimony, including treating physicians and other health care providers.

### III.   ARGUMENT

#### A.   The Government Failed to Identify Non-retained Experts

Rule 26(a)(2)(A) requires parties to disclose the identities of all expert witnesses. *Goodman v. Staples The Office Superstore*, LLC, 644 F.3d 817, 824 (9th Cir. 2011); *Motoyama v. Hawaii*, No. 10-00464, 2012 WL 93150 at *2 (D. Hawaii Jan. 20, 2012), *see also Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2044) ("even treating physicians and treating nurses must be designated as experts if they are to provide expert testimony"). "In addition to [initial disclosure], party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A).

As explained above, the Government has never identified any treating physicians and/or health care providers as potential expert witnesses. As such, none of the health care providers from Tripler Army Medical Center may proffer opinions as to the applicable standard of care.

### B.	The Government Failed to Provide Written Disclosures

Even if the Government had identified one or more of the treating physicians and/or health care providers as potential expert witnesses, <u>which it did not</u>, it still would have been required under the applicable rules to provide a written disclosure which *must* state:

> (i)	The subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703 or 705; and
>
> (ii)	A summary of the facts and opinions to which the witness is expected to testify.

Fed.R.Civ.P. 26(a)(2)(C). As explained above, no such disclosure was ever made.

Treating physicians are exempt from the requirement of a written disclosure <u>only</u> to the extent that their opinions were formed during the course of treatment. *Goodman v. Staples The Office Superstore*, LLC, 644 F.3d at 826; *see*, *e.g.*, *Durham v. County of Maui*, 729 F.Supp.2d 1188, 1196 (D. Hawaii 2010) (where toxicologist was identified as non-retained expert but failed to provide 26(a)(2)(C) disclosure, court will treat toxicologist as treating physician and limit testimony to what he did as a percipient witness).

In addition to failing to identify any non-retained experts in the instant case, the Government has failed to provide any written disclosures which list the subject matter and summarize the facts and opinions of non-retained experts. For this additional reason, this Court should disallow any opinion testimony from the

7

Government's witnesses, to include all TAMC treating physicians and healthcare providers, on issues of liability.

> **C. The Government's Failure to Identify Non-retained Experts and/or To Provide Disclosures of Non-retained Experts is Neither Substantially Justified nor Harmless**

If a party fails to identify an expert and/or fails to provide the disclosure required under Fed.R.Civ.P. 26(a)(2)(C), "the party is not allowed to use that information or witness to supply evidence…at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). In addition, on motion, the Court may consider alternative sanctions. *Id*.

"The exclusion sanction is 'self-executing' and 'automatic.'" *Linder v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 641 (D. Hawaii 2008). The violating party carries the burden of proving harmlessness. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).

To determine substantial justification or harmlessness, courts may consider:

(1) Prejudice or surprise to the party against whom the evidence is offered;

(2) The ability of that party to cure the prejudice;

(3) The likelihood of disruption of the trial;

(4) Bad faith or willfulness involved in not timely disclosing the evidence.

*Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003); *see, e.g., Linder v. Meadow Gold Dairies, Inc.*, 249 F.R.D. at 641-42 (where untimely disclosures

would likely delay the case and lead to additional rounds of expert disclosures, exclusion is warranted).

In the instant case, the Government's decision not to identify non-retained experts and not to provide disclosures containing the subject matter and summarizing the facts and opinions to which non-retained experts would be testifying cannot be found to be substantially justified or harmless. The Government has had many years to provide Plaintiffs with notice by identifying non-retained experts and by providing appropriate disclosures. Discovery closed on December 23, 2014. In that the Government never provided notice of its intention to elicit expert opinions from TAMC treating physicians and nurses, Plaintiffs did not question TAMC healthcare providers as to their undisclosed expert opinions. To allow opinion testimony, including testimony from non-retained experts regarding the applicable standard of care, would severely prejudice Plaintiffs, and likely delay trial due to the need to conduct additional discovery.

For these reasons, this Court should impose the sanction of forbidding opinion testimony of non-retained defense experts, to include TAMC healthcare professionals, regarding the applicable standard of care.

DATED:  Honolulu, Hawaiʻi, February 3, 2015.


   /s/ Michael K. Livingston
MICHAEL K. LIVINGSTON
MARK S. DAVIS
LORETTA A. SHEEHAN
CLARE E. CONNORS

Attorneys for Plaintiffs