FLORENCE T. NAKAKUNI 2286
United States Attorney
District of Hawaii

HARRY YEE 3790
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
Email: Harry.Yee@usdoj.gov

Attorneys for Defendant
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTINA METTIAS, Individually and as Next Friend of Her Minor Son N.M.,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL NO. 12-00527 ACK KSC<br><br>DEFENDANT UNITED STATES' RESPONSE TO PLAINTIFFS' MOTION IN LIMINE No. 1 TO PRECLUDE DEFENSE WITNESSES OTHER THAN DOCTOR JONES FROM OFFERING OPINIONS REGARDING THE APPLICABLE STANDARD OF CARE; CERTIFICATE OF SERVICE<br><br>TRIAL DATE: February 24, 2015<br>TIME: 9:00 AM<br>JUDGE: Hon. Alan C. Kay |

**DEFENDANT UNITED STATES' RESPONSE TO PLAINTIFFS' MOTION IN LIMINE NO. 1 TO PRECLUDE DEFENSE WITNESSES OTHER THAN DOCTOR JONES FROM OFFERING OPINIONS REGARDING THE APPLICABLE STANDARD OF CARE**

Defendant United States, by and through its undersigned counsel, hereby responds to Plaintiffs' motion in limine No. 1 to preclude defense witnesses other than Dr. Jones from offering

opinions regarding the standard of care. Plaintiffs argue that because the United States did not disclose various treating medical providers as experts and provide a written report under Rule 26 of the Rules of Civil Procedure, the treating providers may not offer opinion testimony regarding the applicable standard of care at issue in this case. Plaintiffs' argument, however, is contrary to established law of this court and the 9th Circuit.[1] Accordingly, the United States respectfully requests that the Court DENY Plaintiffs' motion.

**BACKGROUND**

In their Second Amended Complaint filed April 1, 2014, Plaintiffs sole claim against the United States is that medical providers at Tripler Army Medical Center (TAMC) failed to meet the standard of care owed to Christina Mettias, in that they failed to provide accurate and correct information regarding the risks and benefits of bariatric surgery, and therefore failed to gain her informed consent.

Plaintiff Christine Rivera Mettias underwent Roux en Y gastric bypass (RYGB) surgery at TAMC on September 27, 2010 for treatment of severe obesity. After discussions with Dr. Nancy Smiley, her primary care provider, beginning on March 30, 2010

[1] Motoyama v. Hawaii, 2012 WL 93150 (D.Hawai'i Jan 10, 2012) and Goodman v. Staples The Office Superstore, LLC, 644 F. 3d 817 (9th Cir. 2011)

Mrs. Mettias voluntarily enrolled in the TAMC Bariatric Surgery Program.

Potential bariatric patients at TAMC, including Mrs. Mettias, undergo a lengthy screening and preparation program before the patient decides whether to have bariatric surgery. The first step is to attend an information session conducted by a multi-disciplinary team, including a doctor from the Department of Surgery. This session includes a discussion of the various types of bariatric procedures, the risks of bariatric surgery, and the life style changes that must occur for the surgery to result in healthy, successful weight loss and maintenance.

Patients who are still interested in bariatric surgery after the information session are required to enroll in the LEAN Healthy Lifestyle program. The LEAN Healthy Life Styles Program is a multi-disciplinary medical program designed to assist a participant to lose weight by changing behaviors and lifestyle choices that lead to obesity. The LEAN program includes regular consultation with registered dieticians, behavioral health specialists, physical therapists and other professionals as needed to educate and supervise patients in making lifestyle changes for weight loss. In this case, Mrs. Mettias was treated during her participation in the LEAN program by Dr. Mark Verschell, a psychologist; Mr. Andrew Ching, a psychology

technician; and Captain Benjamin Wunderlich, a registered dietician. In addition, in accordance with the surgery protocol, Mrs. Mettias underwent psychological evaluation by Dr. Xavier Pena to evaluate her psychological suitability for the surgery.

On September 14, 2010, Mrs. Mettias saw Dr. John Payne, the bariatric surgeon she had selected to perform her operation, to discuss whether she would choose to undergo the operation. Yvette Williams RN, Nurse Manager of the Bariatric Program and a member of the treatment team, was also present at this meeting. Dr. Payne again explained to Mrs. Mettias the RYGB procedure, warned her of the risks and complications of the procedure, and answered her questions.

On September 27, the day of the surgery, Mrs. Mettias met with Dr. Plackett immediately prior to surgery. Dr. Plackett again went over the risks of and alternatives to the operation with Mrs. Mettias and assisted Mrs. Mettias to execute the informed consent forms to undergo RYGB surgery. Dr. Payne then performed the surgery, assisted by Dr. Christopher Elliott.

Postoperatively, Mrs. Mettias experienced several of the complications that she was warned could occur. During this time, she was treated by a team of medical providers, including Dr. Payne and Dr. Robert Lim. She required repeat hospitalizations, additional surgery, and several endoscopic esophageal gastric dilations.

**LEGAL STANDARD**

Rule 26 of the Federal Rules of Civil Procedure requires parties to disclose the identity of any expert witness, if the expert is **"one retained or specially employed to provide expert testimony in the case or whose duties as the party's employee regularly involve giving expert testimony,**" and the disclosure must be accompanied by a written report containing (1) a complete statement of the expert's opinions and their bases, (2) the information relied upon by the expert in forming the opinions, (3) all exhibits to be used to summarize or support the opinions, (4) the expert's qualifications and list of publications, (5) a list of cases in which the expert testified, and (6) a statement of the expert's compensation. Fed. R. Civ. P. 26(a)(2)(B).

In Goodman v Staples, the 9th Circuit Court of Appeals considered as a matter of first impression when, if ever, a treating physician is transformed into an expert offering testimony on matters beyond the treatment rendered for purposes of Rule 26 disclosures Goodman, 644 F. 3d at 824. In that case, the 9th Circuit noted that **"the plaintiff's treating doctors not only rendered treatment, but after the treatment was concluded, these very same doctors were provided with additional information by plaintiff's counsel and were asked to opine on matters outside the scope of the treatment they rendered."** Id.

at 819. Because plaintiff had not disclosed them as expert witnesses and provided a report in accordance with Rule 26, the district court limited the treating physicians to the opinions they formed in the course of caring for the patient, and precluded them from testifying about opinions they formed afterward. Id. Both the district court and the 9th Circuit noted that the precluded testimony included "opinions solicited from [the treating physicians] solely for the purposes of the litigation. Id. The 9th Circuit then went on to hold that "when a treating physician morphs into a witness hired to render expert opinions that go beyond the usual scope of a treating doctor's testimony, the proponent of the testimony must comply with Rule 26(a)(2). Id. at 820

**"Generally, a treating physician is not 'retained or specially employed to provide expert testimony' — a treating physician is a percipient witness of the treatment he rendered—and therefore he is not subject to the written report requirement." Fed.R.Civ.P. 26(a)(2) advisory committee's note (1993).** Goodman at 824.

Further, this court in Motoyama held that **"Treating physicians are not specially hired to provide expert testimony; rather, they are hired to treat the patient and may testify to and opine on what they saw and did without the necessity of the proponent of the testimony furnishing a written expert report."**

(Citing Goodman at 819) The only qualification by this court under the decision in Motoyama is **"However, a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment."** (Citing Goodman at 826)

Further, this court permits treating physicians to provide testimony beyond the physician's factual percipient observations if the testimony relates to the treating physicians' opinions resulting from the treatment of the patient. Shapardon v. West Beach Estates, 172 F.R.D. 415, 417 (D. Haw. 1997) "Treating physicians commonly consider the cause of any medical condition presented in a patient, the diagnosis, the prognosis, and the extent of disability, if any, caused by the condition or injury. Opinions as to these matters are encompassed in the ordinary care of a patient and do not subject the treating physician to the report requirement of Rule 26(a)(2)(B)"; see Piper v. Harnischfeger Corp., 173 F.R.D. 173, 175 (D. Nev. 1997)(physicians testifying as to "causation, future treatment, extent of disability and the like" are not subject to expert requirement because the knowledge was acquired during the course of treatment); Baker v. Taco Bell Corp., 163 F.R.D. 348, 349 (D. Colo. 1995) (treating physician's testimony as to cause of injury or degree of future injury based on patient examination "are a necessary part of the treatment of the patient"); see

also Ginsberg v. St. Michael's Hospital, 678 A.2d 271, 277 ("It is well settled that treating physicians may testify as to any subject relevant to the evaluation and treatment of their patients") (citation omitted).

**ARGUMENT**

In this case, the United States intends to call a number of treating medical providers who will testify to the course of treatment and to their opinions that formed an integral part of that treatment[2]. Significantly, Plaintiffs do not allege in this motion in limine that any treating provider is the type of "hybrid expert" as in Goodman, or that any treating physician in this case was asked to develop an opinion outside of the course of their treatment of Mrs. Mettias or solely for the purpose of litigation. Unlike the treating physicians in Goodman, the treating providers the United States will call did not "morph" into hired experts and form their opinions for litigation purposes after their treatment of the Plaintiff had ended.

Moreover, their testimony will necessarily include the provider's opinion of the standard of care. The standard of care

[2] As indicated in the Defendant's witness list filed with the court, the United States intends to call Dr. John Payne, the surgeon who performed the RYGB surgery; Dr. Robert Lim, a surgeon who oversees the bariatric surgery program and treated Mrs. Mettias both before and after her surgery; Dr. Timothy Plackett, a treating surgical resident who secured Mrs. Mettias informed consent; Nurse Yvette Williams, a treating provider involved with Mrs. Mettias' care before and after the surgery; Dr. Mark Verschell, Dr. Xavier Pena, and Mr. Andrew Ching, who all provided psychological care and treatment to Mrs. Mettias; Dr. Nancy Smiley, Mrs. Mettias' primary care provider; and Captain Benjamin Wunderlich, Mrs. Mettias treating dietician.

is an integral part of the treatment. All treatment decisions are informed and based upon the provider's understanding of the applicable standard of care, and that understanding is therefore an essential element of treatment decisions and the informed consent process for any medical treatment.

Plaintiffs do not cite any specific instances of a TAMC treating provider, who should be precluded from expressing their opinion of the standard of care based on a failure to provide expert disclosures. Indeed, as the court in Goodman expressed, treating providers **"treat the patient and may testify to and opine on what they saw and did without the necessity of the proponent of the testimony furnishing a written expert report."** Goodman, 644 F. 3d at 819. A treating provider's opinion of what he did is necessarily based on his opinion of the standard of care, and therefore that opinion is necessarily a part of a treating provider's testimony. Every TAMC medical provider during the course of treatment of Ms. Mettias' in nutrition, diet, exercise, psychology, and bariatric surgery did so with an appropriate standard of care in mind. It would be obvious negligence for the TAMC medical providers to provide treatment to patients without a fundamental understanding of the accepted and appropriate standard of care owed to their patients. As this court wrote in Motoyama **"Accordingly, to the extent these witnesses' testimony is limited to opinions formed during the**

**course of their treatment of Plaintiff"** and therefore in this instance the United States should not be **"required to provide expert reports for those witnesses."**

Because the disclosure and report requirements of Rule 26 do not apply to the testimony at issue here, the court need not reach the Plaintiffs' discussion of whether the failure to comply with the rule was substantially justified or harmless. Nevertheless, the United States contends that Plaintiffs were not harmed by any failure to disclose or provide reports. Plaintiffs had full opportunity to, and in fact did, depose the providers at issue here. Accordingly, Plaintiffs are in no way prejudiced by any failure to comply with the disclosure and report requirements as they contend.

**CONCLUSION**

Under the rule in Goodman and Rule 26, the United States was not required to comply with the disclosure and report requirements with regard to the testimony of the treating providers offered as witnesses in this case. The treating providers are all percipient witnesses who will testify about the course of treatment and their opinions relevant to their treatment of Plaintiff. Accordingly, the disclosure and report requirements of Rule 26 do not apply. The United States

//

//

therefore respectfully requests that the Court DENY Plaintiff's Motion in Limine No. 1.

DATED: February 10, 2015, at Honolulu, Hawaii.

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii

/s/ Harry Yee
By ______________________________
HARRY YEE
Assistant U.S. Attorney

Attorneys for Defendant
UNITED STATES OF AMERICA

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on the date and by the method of service noted below, a true and correct copy of the foregoing document was served on the following:

Served Electronically through CM/ECF:

MARK S. DAVIS, ESQ. mdavis@davislevin.com
MICHAEL K. LIVINGSTON, ESQ. mlivingston@davislevin.com
LORETTA A. SHEEHAN, ESQ. lsheehan@davislevin.com
CLARE E. CONNORS, ESQ. cconnors@davislevin.com
Davis Levin Livingston
851 Fort Street, Suite 400
Honolulu, Hawaii 96813
Attorneys for Plaintiffs

DATED: February 10, 2015, at Honolulu, Hawaii.

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii

/s/ Harry Yee
By ______________________
HARRY YEE
Assistant U.S. Attorney
Attorneys for Defendant
UNITED STATES OF AMERICA